**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAMIDULLAH HABIBI, | No.    19-72683 |
| Petitioner, | Agency No. A216-269-200 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 12, 2020[**]
Pasadena, California

Before:  CHRISTEN and WATFORD, Circuit Judges, and ROSENTHAL,[***]
District Judge.

Hamidullah Habibi, a citizen of Afghanistan, timely petitions for review of

the Board of Immigration Appeals order dismissing his appeal from the Immigration

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

Judge's rulings denying his application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When, as here, the BIA's order "attribute[s] significant weight to the Immigration Judge's findings, we look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (internal quotation marks omitted). We review for substantial evidence denials of asylum, withholding of removal, and relief under the Convention. *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014). We review de novo questions of law and mixed questions of law and fact. *Torres v. Barr*, No. 13-70653, 2020 WL 5668478, at *5 (9th Cir. Sept. 24, 2020) (en banc).

1. The immigration court had jurisdiction over Habibi's removal proceedings under *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), *cert. denied sub. nom. Karingithi v. Barr*, 140 S. Ct. 1106 (2020), and *Aguilar Fermin v. Barr*, 958 F.3d 887 (9th Cir. 2020), *cert. pet. filed* July 22, 2020 (Case No. 20-53). These cases are the law of the circuit, and we do not consider Habibi's argument that they were decided incorrectly. *See E. Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1261 (9th Cir. 2020) ("Published decisions of this court become law of the circuit, which is binding authority that we and district courts must follow until overruled[] . . . [by]

intervening statutes or Supreme Court opinions that create clearly irreconcilable conflicts with our caselaw." (internal quotation marks and citation omitted)).

2. Substantial evidence supports the denial of Habibi's claims for asylum and withholding of removal. The record does not compel the conclusion that Habibi's political opinion[1] was "a reason" or "one central reason" for the threatening phone call he received in 2010, the stops and searches in 2015, or what he described as the firing of weapons in front of his home in 2015. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017) (discussing 8 U.S.C. § 1231(b)(3)(C)'s "a reason" standard for the withholding of removal and 8 U.S.C. § 1158(b)(1)(B)(i)'s "one central reason" standard for asylum); 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). Habibi testified[2] that he received a threatening call while working at the Afghan National Military Academy in 2010, but he could not recall receiving any further threats. Although stopped and searched twice by the Taliban in 2015 while riding in a car and a bus, Habibi testified that the Taliban stopped, questioned, and searched multiple people in the car or bus each time. Habibi testified that, when the Taliban stopped him in a car, they seized his

---

[1] Habibi characterizes as a political opinion his lack of response to a request he received in 2010, when he was a 13 or 14-year old clerical employee at the Afghan National Military Academy, to admit Taliban members to the Academy.

[2] Because the BIA presumed that Habibi is credible, we assume credibility and review the BIA's opinion on the merits. *Barraza Rivera v. I.N.S.*, 913 F.2d 1443, 1450 (9th Cir. 1990).

identification documents. Habibi further testified that, after being stopped and searched on the bus, unknown men followed him home and fired weapons into the front of his home after he was inside. The record does not compel the conclusion that the seizure or subsequent gunfire incident were tied to any political opinion that Habibi may hold.

3. The BIA did not err in analyzing Habibi's claim for protection under the Convention Against Torture. The BIA's order identifies the appropriate legal standard, refers to the Immigration Judge's application of that standard, and concludes that the Immigration Judge did not err. That is sufficient. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("[T]he BIA does not have to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (internal quotation marks and brackets omitted)).

Substantial evidence supports the denial of Habibi's Convention claim. The record does not compel the conclusion that Habibi will "more likely than not be tortured" if returned to Afghanistan, or that the Afghan government would consent to, or acquiesce in, any potential torture. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) ("To be eligible for relief under CAT, an applicant bears the burden of establishing that she will more likely than not be tortured with the

4

consent or acquiescence of a public official if removed to her native country.").

Habibi identifies no evidence to the contrary.

**PETITION DENIED.**